594 A.2d 291

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John Richard LOHMAN, Appellant (Two Cases).**

Supreme Court of Pennsylvania.

Argued May 3, 1989.

Resubmitted Jan. 8, 1991.

Decided May 10, 1991.

Craig P. Miller, Lock Haven, for appellant.

Merritt E. McKnight, Dist. Atty., Donna L. Rae, Asst. Dist. Atty., Marianne E. Cox, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

This appeal, like its companion case, *Commonwealth v. Ludwig*, 527 Pa. 472, 594 A.2d 281 also decided today, raises the issue of whether a child sex abuse victim, without appearing in the courtroom, may testify against a defendant via closed-circuit television without violating the confrontation clauses of the United States Constitution and the Pennsylvania Constitution. Since the procedure used in this case, like that used in *Commonwealth v. Ludwig, supra,* is violative of the appellant's right of confrontation guaranteed by Article 1 § 9 of our State Constitution, we reverse.

The appellant, John Richard Lohman, was charged in two separate complaints with raping his fourteen-year-old stepdaughter and with committing involuntary deviate sexual intercourse and incest with his fourteen-year-old son. In separate jury trials, he was convicted of these offenses.

In the trial of the first case, because the girl "was reluctant to testify against her stepfather," *Commonwealth v. Lohman*, 370 Pa.Super. 404, 409, 536 A.2d 809, 811 (1988), she was permitted to give her testimony without facing the defendant in the courtroom during the trial. Instead, she testified in the judge's chambers in the pres-

ence of the judge, the prosecuting attorney, and the defense attorney. A camera operator was also present to run video and audio equipment which transmitted the proceedings to the jury in the courtroom. "The appellant, unbeknownst to the jury, was sequestered in another room and was able to communicate with counsel via direct telephone line," *Id.*, while he saw and heard the proceedings through the closed-circuit television setup.

The trial of the second case was conducted in identical fashion. The appellant's fourteen-year-old son and his thirteen-year-old brother, a material witness, testified in the judge's chambers in the presence of the judge, the prosecutor, and defense counsel, while the jury observed the proceedings on a video monitor, as did the appellant in a separate room. A videotape recording of the testimony in both trials was made part of the record, and has been reviewed by this Court.

In *Commonwealth v. Ludwig, supra,* we held that the confrontation clause of the Pennsylvania Constitution does not permit the use of closed-circuit television testimony by an alleged child abuse victim because it infringed upon a defendant's constitutional rights to meet a witness face-to-face. Although the result may be harsh, we cannot permit such a result to cause us to ignore the plain meaning of Article I, Section 9 of our State Constitution. As we stated in *Ludwig:*

> We are cognizant of society's interest in protecting victims of sexual abuse. However, that interest cannot be preeminent over the accused's constitutional right to confront the witnesses against him face to face. The record in this case does not disclose any conduct by the appellant during the proceedings that would give rise to the need to isolate the witness.

Accordingly, we reverse the orders affirming the appellant's judgments of sentence and remand for new trials.

FLAHERTY, J., files a concurring opinion.

McDERMOTT, J., files a concurring and dissenting opinion.

NIX, C.J., files a dissenting opinion.

FLAHERTY, Justice, concurring.

I concur in the result reached by the majority, and would remand the case for new trials. I adhere, however, to the views expressed in my dissenting opinion in the companion case, *Commonwealth v. Ludwig*, 527 Pa. 472, 594 A.2d 281 (1991), also decided today. I believe the court decided that case incorrectly.

Nevertheless, this court has now held that the Pennsylvania Constitution prohibits deprivation of a defendant's right to meet his accusers face to face, at least if the deprivation is based only on the subjective fears of the accusers. That holding clearly governs these cases. Not only were the accusers segregated from the jury which remained in the courtroom, but the defendant was segregated in a *third* room from *both* the accusers *and* the jury. These procedures were instituted due to mere "reluctance" of the accusers to testify against the defendant. This violates not only the Pennsylvania Constitution as interpreted in *Ludwig, supra*, but the United States Constitution as well. *See Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

I therefore concur in the result reached by the majority.

McDERMOTT, Justice, concurring and dissenting.

I join the majority in these cases because counsel was separated from the appellants and the appellants from the jury with no means of communication between them except telephone. I am not prepared to hold that reasonable restrictions cannot be imposed in cases to free the testimony of children from the possibile intimidating presence of their alleged molester. *Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

NIX, Chief Justice, dissenting.

I dissent. For the reasons expressed in my dissenting opinion in *Commonwealth v. Ludwig,* 527 Pa. 472, 594 A.2d 281 (1991), I would permit the closed-circuit procedure to be utilized where the trial court makes a case-specific finding of necessity for such a procedure. Under the facts of the instant case, that finding has been made.

On October 31, 1985, appellant was arrested and charged with anally and orally sodomizing his son, Patrick, who was eleven years old in 1982, at the time of the incident. In 1986 both Patrick, then fifteen years old, and his brother Carl, thirteen, testified against appellant at the preliminary hearing.[1] The children then were treated by Dr. Nancy Chiswick, a clinical psychologist, who found them to have experienced severe emotional trauma as a result of testifying at the preliminary hearing. Based upon Dr. Chiswick's findings the Commonwealth petitioned the trial court to permit the children to testify via closed-circuit television.

At a hearing on the Commonwealth's petition Dr. Chiswick testified that Patrick was totally unable to discuss the abuse in the presence of his father. Dr. Chiswick noted that when asked about the incident, Patrick regressed to extremely immature behavior to avoid having to recall the details of the abuse. She opined that despite four months of intensive therapy Patrick would still require treatment for an indefinite period in the future, and that further physical confrontation would cause the child to suffer severe emotional trauma and would prevent him from being able to focus clearly on the abuse incident. (N.T. 4/10/86 pp. 11–12.)

Dr. Chiswick also testified that Carl had been traumatized by the experience of testifying at the preliminary hearing. She indicated that Carl had expressed fear that if confronted with his father again, he might stutter and

1. Carl was an eyewitness to one count of involuntary deviate sexual intercourse and was also the victim, in a separate complaint, of sexual abuse at the hands of appellant.

become totally incapable of relating the substance of his testimony. (N.T. 4/10/86, p. 11, 13–14.)

Dr. Chiswick emphasized that the trauma suffered by the children exceeded the normal apprehension that would be inspired by the courtroom atmosphere. She stressed that the terror experienced by Patrick and Carl was a direct result of the physical confrontation with their father. Based upon her testimony, the trial court ruled that the children would be permitted to testify via closed-circuit television procedures.

Clearly these facts demonstrate the necessity for the procedure employed by the trial court. The case-specific finding recommended by the Supreme Court in *Maryland v. Craig,* —— U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); *see Commonwealth v. Ludwig, supra,* (Nix, C.J., dissenting), has been established, and the use of the closed-circuit procedure was proper.

Accordingly, I would affirm the order of the Superior Court.