882 A.2d 462

COMMONWEALTH of Pennsylvania, Appellant

v.

James Alvin SHEARER, Sr., Appellee.

Supreme Court of Pennsylvania.

Argued March 7, 2005.

Decided Sept. 15, 2005.

Hugh J. Burns, Philadelphia, William Thomas Fullerton, Butler, for the Com. of PA., appellant.

Armand R. Cingolani, Butler, for James Alvin Shearer, Sr., appellee.

Before: CAPPY, C.J., NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice NIGRO.

In this criminal case involving the alleged sexual assault of a minor, the Commonwealth of Pennsylvania appeals from the order of the Superior Court, which quashed the Commonwealth's appeal from a pretrial order granting Appellee James

Alvin Shearer, Sr.'s request to compel the minor complainant to submit to a psychological exam for the purpose of aiding the trial court in determining whether the complainant was competent to testify. For the following reasons, we reverse the order quashing the appeal and remand for proceedings consistent with this opinion.

In November 1999, Appellee was charged with various crimes arising from his alleged sexual contact with his four-year-old nephew ("Complainant").[1] Prior to trial, on August 11, 2000, the Commonwealth filed a notice pursuant to the Tender Years Hearsay Act, 42 Pa.C.S. § 5985.1,[2] notifying the trial court and Appellee that it intended to introduce testimony from Complainant that had been videotaped by Butler County Children and Youth Services. In response, Appellee filed a "Motion to Examine [Complainant] ... For Competency," wherein he requested that Complainant be evaluated by a psychologist to determine whether he was competent to testify. After holding several hearings on the matter, the trial court granted Appellee's motion and directed Complainant to submit to an examination by Appellee's proposed psychologist. The Commonwealth filed a motion for reconsideration, arguing that the trial court's ordering of a psychological exam was premature, when the trial court judge had not first attempted

1. Specifically, Appellee was charged with Rape, 18 Pa.C.S. § 3121, Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123, Indecent Assault, 18 Pa.C.S. § 3126, Indecent Exposure, 18 Pa.C.S. § 3127 and Corruption of Minors, 18 Pa.C.S. § 6301.

2. That Act provides, in relevant part:
(a) GENERAL RULE.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
(2) the child either:
(i) testifies at the proceeding; or
(ii) is unavailable as a witness.
42 Pa.C.S. § 5985.1.

to determine Claimant's competency based on his own observations at a competency hearing. In denying the Commonwealth's motion, the trial court noted that it was in a "difficult position" because the trial was scheduled to begin just six days later, Tr. Ct. Op. at 2, but it nonetheless reaffirmed its earlier order directing Complainant to submit to an exam by Appellee's proposed psychologist. At the same time, however, the trial court directed the psychologist to confine the examination to determining whether Complainant could "give a correct account of the matters that the witness has seen or heard regarding the incidents alleged." Tr. Ct. Order, 4/26/01.

Thereafter, on May 2, 2001, the Commonwealth filed a notice of appeal in the Superior Court pursuant to Pennsylvania Rule of Appellate Procedure 311(d), in which it certified that the trial court's order requiring Complainant to submit to a psychological examination would terminate or substantially hamper its case.[3] A Superior Court panel, however, quashed the appeal as interlocutory, and an *en banc* panel of the Superior Court affirmed.[4] *Commonwealth v. Shearer*, 828

3. This certification was made pursuant to Pennsylvania Rule of Appellate Procedure 904(e), which requires that:

> When the Commonwealth takes an appeal pursuant to Rule 311(d), the notice of appeal shall include a certification by counsel that the order will terminate or substantially handicap the prosecution.

Pa. R.A.P. 904(e).

4. On reargument, the Commonwealth argued that even if jurisdiction were not proper under Rule 311(d), the Superior Court could assert jurisdiction over the matter pursuant to Rule 313, which provides for the appeal of collateral orders. While the Commonwealth did not argue to the original three judge panel that Rule 313 provided an alternative avenue to the assertion of jurisdiction, it was nonetheless proper for it to raise the possibility of jurisdiction under Rule 313 before the *en banc* panel, which reviews all issues as if the parties are presenting them to the Superior Court for the first time. *See Krysmalski v. Tarasovich*, 424 Pa.Super. 121, 622 A.2d 298, 300 n. 1. (1993). Moreover, it is important to note that Appellee has not argued that the Commonwealth waived any argument that jurisdiction was proper under Rule 313. Under these circumstances, and given that jurisdiction is a matter that a court may always raise sua sponte, *see, e.g., Fried v. Fried*, 509 Pa. 89, 501 A.2d 211, 212–13 (1985), we see no barrier to our consideration of the Commonwealth's alternative argument that the Superior Court could assert jurisdiction over its appeal pursuant to Rule 313.

A.2d 383 (Pa.Super.2003). In its published *en banc* opinion, the Superior Court discussed the importance of the Commonwealth's right to immediately appeal pretrial orders that are effectively "final" because such orders cannot be appealed later due to double jeopardy concerns. It further noted that this Court has not limited the Commonwealth's right to certify an appeal pursuant to Rule 311(d) to only those circumstances in which the order at issue suppresses Commonwealth evidence. *See id.* at 386 (citing *Commonwealth v. Matis,* 551 Pa. 220, 710 A.2d 12, 17 (1998); *Commonwealth v. Johnson,* 542 Pa. 568, 669 A.2d 315 (1995)). The Superior Court nevertheless concluded that here, the trial court's order directing Complainant to submit to a psychological examination was not immediately appealable because it did not circumscribe the Commonwealth's evidence. The Superior Court contrasted the situation at hand with one in which a trial court enters an order declaring a critical child witness incompetent to testify, in which case the Commonwealth is able to appeal because the order prevents it from presenting evidence necessary to prove its case. The Superior Court likewise opined that the Commonwealth could appeal an order denying a motion *in limine* to preclude the defendant from presenting psychological evidence as long as the Commonwealth certified that the order substantially hampered or otherwise terminated its case.

President Judge Del Sole wrote a concurring opinion, which President Judge Emeritus McEwen and Judges Todd and Bender joined. While these four judges agreed with the majority that the trial court's order in this case was not appealable under Rule 311(d), they disagreed with the majority's statement that the Commonwealth would be able to invoke Rule 311(d) to appeal an order permitting the introduction of defense evidence that the Commonwealth had sought to exclude.[5]

5. The concurring opinion's position that the Commonwealth could not immediately appeal a trial court order denying the Commonwealth's motion to exclude defense evidence is consistent with this Court's decision in *Commonwealth v. Cosnek,* 575 Pa. 411, 836 A.2d 871 (2003).

Meanwhile, Judge Graci authored a dissenting opinion, which Judge Stevens joined. The dissent took the position that the Commonwealth's good-faith certification *alone* is sufficient to vest jurisdiction in the Superior Court in an appeal brought pursuant to Rule 311(d) and that because the Commonwealth in the instant case certified that its case *would* be terminated or substantially hampered by the trial court's order, the Superior Court did indeed have jurisdiction pursuant to Rule 311(d). Moreover, the dissent criticized the majority's failure to address and credit the Commonwealth's alternative argument that the trial court's order was appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313.

The Commonwealth sought review from this Court and we granted its petition for allowance of appeal. Ultimately, we agree with the Superior Court that the trial court's order was not appealable pursuant to Rule 311(d), but we nonetheless reverse its order quashing the Commonwealth's appeal, concluding that the trial court's order is a collateral order appealable pursuant to Rule 313.

■ Generally, a litigant may only appeal from a final order, which is one that puts the litigants out of court. *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 13 (1998); Pa. R.A.P. 341(b). However, there are exceptions to this general rule, one of which is set forth in Rule 311(d), which states that:

> In a criminal case, under circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa. R.A.P. 311(d).

Both parties in the instant case argue that this Court's most recent case on Rule 311(d), *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871 (2003), supports their position regarding the appealability of the order at issue here. *Cosnek*, like the instant case, involved a claim by the Commonwealth that a

trial court order affected the admission of evidence which would, in turn, terminate or substantially hamper its case.[6] In *Cosnek*, the Commonwealth attempted to immediately appeal, pursuant to Rule 311(d), a pretrial ruling that denied its motion *in limine* to exclude certain defense evidence. We held that the Commonwealth could not do so, and in holding as such, made clear that the application of Rule 311(d) in the suppression context is limited to circumstances in which "a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." *Id.* at 420–21, 836 A.2d at 877. As an order denying the Commonwealth's motion *in limine* to preclude defense evidence, by its very nature, affects the *defendant's* evidence and does not suppress, preclude or exclude the *Commonwealth's* evidence, this Court concluded that the order at issue in that case was not appealable pursuant to Rule 311(d).

Appellee argues, although not very clearly, that *Cosnek* is controlling here because the trial court's order does not exclude Commonwealth evidence and thus, the Commonwealth may not appeal it pursuant to Rule 311(d). The Commonwealth counters, however, that *Cosnek* is in no way controlling, because the order of the trial court below, unlike the order in *Cosnek*, affects the evidence that the Commonwealth seeks to introduce at trial. Specifically, the Commonwealth contends that the trial court's order will hinder Complainant's willingness to testify and thus, may prevent his testimony from ever being presented. Moreover, the Commonwealth asserts that this handicap is sufficient to satisfy *Cosnek* as, in its view,

---

**6.** Given this similarity, *Cosnek* is, in fact, the most relevant precedent here as it addresses the circumstances under which an order in the suppression context, *i.e.*, an order concerning the suppressing, excluding or precluding of evidence, is appealable pursuant to Rule 311(d). There are, of course, other types of orders that *Cosnek* did not address, but which may also be appealable under Rule 311(d). *See, e.g., Commonwealth v. Boos*, 533 Pa. 124, 620 A.2d 485 (1993) (order reinstating appellee into ARD program was immediately appealable as it had the effect of terminating DUI charge); *Commonwealth v. Hughes*, 468 Pa. 502, 364 A.2d 306, 308 n. 2 (1976) (order quashing some, but not all, of charges against defendant was immediately appealable). However, the order at issue in the instant case fits cleanly within the suppression of evidence context, and thus, *Cosnek* is directly applicable.

*Cosnek* stands for the proposition that Rule 311(d) can be used to appeal any order that implicates "the particular burden that [the Commonwealth] bears to prove its case." Commonwealth's Bf. at 17.

■ The Commonwealth's argument, however, misconstrues the actual holding in *Cosnek.* Contrary to the Commonwealth's assertion, we did not state in that case that the Commonwealth could file an interlocutory appeal any time the trial court issues an order that will potentially affect the Commonwealth's ability to meet its burden of proof. Rather, we merely noted that the fact that the Commonwealth bears the burden of proof in a criminal trial provides the underlying justification for permitting the certification of appeals pursuant to Rule 311(d), and then went on to state that its interest in preserving its ability to meet that burden must be balanced against the defendant's right to maintain control over his or her own evidence. Ultimately, in order to balance those two competing interests, we held that application of 311(d) in the suppression context is limited "to those 'circumstances provided by law' in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." 575 Pa. at 420–21, 836 A.2d at 877. Thus, we reject the Commonwealth's assertion that it should always be permitted to appeal any pretrial order that has the potential to affect its ability to meet its burden of proof.

■ Moreover, we agree with Appellee that the trial court's order requiring Complainant to submit to a psychological exam here cannot be said to result in the exclusion, suppression or preclusion of Commonwealth evidence and thus, is not appealable pursuant to Rule 311(d). *See Cosnek.* The Commonwealth argues that its case will be "over" "[i]f the trauma inflicted on the child results in his being unwilling or unable to cooperate or testify, or otherwise results in or contributes to a defense verdict...." Commonwealth's Bf. at 15. However, the Commonwealth's assertions in this regard are pure speculation. Indeed, as the above quote makes clear, it does not even aver that the child *will* be unwilling or unable to cooperate or testify, and instead asks this Court to permit it to

appeal solely because the order *might* result in the loss of critical evidence. As *Cosnek* limits the application of Rule 311(d) in the suppression context to those circumstances "in which a pretrial ruling *results in* the suppression, preclusion or exclusion of Commonwealth evidence," such speculation regarding the potential effects of the order here simply does not suffice to establish its appealability pursuant to Rule 311(d).[7] 575 Pa. at 420–21, 836 A.2d at 877 (emphasis added).

The Commonwealth, however, argues in the alternative that the trial court's order is a collateral order appealable pursuant to Pennsylvania Rule of Appellate Procedure 313, which, like Rule 311(d), provides an exception to the general rule that appeals may be taken only from final orders. While the Superior Court did not address this argument, we find that it is, in fact, meritorious and thus, conclude that it provides a basis for reversing the Superior Court's order quashing the Commonwealth's appeal.[8]

Under the collateral order doctrine, set forth in Rule 313, an appeal may be taken as of right from a collateral order, which

---

7. In *Commonwealth v. Matis*, a majority of this Court allowed the Commonwealth to appeal a trial court order denying its motion for a continuance to secure a necessary witness, concluding that the order was "sufficiently similar to a suppression order to justify an appeal from it." 551 Pa. 220, 710 A.2d 12, 19 (1998). However, in *Matis*, the Commonwealth *knew* that the trial court order denying it a continuance would deprive it of critical evidence as it had been trying to contact the witness at issue for some time and had been unable to do so. In contrast, as stated above, in the instant case, the Commonwealth asserts only that the trial court order *might* result in Complainant's unwillingness to testify. Thus, unlike the order in *Matis*, the order at issue here is simply not sufficiently similar to a suppression order to render it appealable pursuant to Rule 311(d).

8. As the Superior Court failed to address the issue of whether the trial court's interlocutory order may be appealed as of right pursuant to Rule 313, we could simply remand at this juncture and direct the Superior Court to consider that issue. However, prosecution of this case began more than five years ago and a remand would only serve to delay the matter further. Thus, in the interest of judicial economy, we will proceed to consider the Commonwealth's argument that jurisdiction is proper under Rule 313 rather than remanding for the Superior Court to do the same. *See Warehime v. Warehime*, 580 Pa. 201, 860 A.2d 41, 46 n. 5 (2004) (engaging in analysis neglected by the Superior Court, citing concerns of judicial economy).

the Rule defines as an order that (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa. R.A.P. 313; *see also Commonwealth v. Johnson,* 550 Pa. 298, 705 A.2d 830 (1998). All three of these requirements are met in this case.

■ With respect to the first requirement, we have explained that an order is "separable" from the main cause of action if it is capable of review without consideration of the main issue in the case. *Ben v. Schwartz,* 556 Pa. 475, 481–83, 729 A.2d 547, 551 (1999). Here, this is plainly the case as the issue at trial will be whether Appellee committed the crimes charged whereas the limited issue in the Commonwealth's interlocutory appeal is whether the trial court erred in ordering Complainant to undergo a psychological examination before it first attempted to ascertain Complainant's competency without the assistance of such an examination. Plainly, the Superior Court need not consider Appellee's potential guilt or innocence of the crimes charges in resolving this appellate issue. Thus, the first requirement of the collateral order doctrine is clearly met.

Likewise, we readily conclude that the third prong of the collateral order doctrine is satisfied as the claim raised will clearly be lost forever if appellate review is delayed until final judgment in the case. *See Schwartz,* 556 Pa. at 481–83, 729 A.2d at 551. Indeed, there can be no doubt that once Complainant complies with the trial court's order and submits to the required examination, there is no way to turn back the clock so as to give the Commonwealth relief on its claim that he should be free from such an examination, should that claim ultimately prove to have merit.[9]

9. Of course, the Commonwealth maintains that there is a good possibility that Complainant will refuse to submit to the examination and that without its primary witness, it will be required to abandon its case against Appellee. While, as stated above, this is pure speculation, we note that if this were to occur, the claim would also be lost forever as

Finally, we turn to the second and perhaps most critical prong of the collateral order doctrine, which requires that the claim asserted regarding the order to be appealed is of such importance that review cannot be denied. In *Geniviva v. Frisk*, we clarified that this importance requirement is satisfied when the claim implicates rights "deeply rooted in public policy going beyond the particular litigation at hand" and does not merely affect the individuals involved in the case at hand. 555 Pa. 589, 725 A.2d 1209, 1214 (1999).

■■ Here, as stated above, the claim asserted is that the trial court should have attempted to ascertain in a traditional competency hearing whether Complainant was competent to testify prior to ordering Complainant to undergo a psychological examination designed to assist in the competency determination. To be sure, this Court has stated that a child's competency to testify is a threshold legal issue that the trial court must decide. *Commonwealth v. Washington*, 554 Pa. 559, 563–65, 722 A.2d 643, 646 (1998). Generally, in order for a minor witness to be deemed competent, he or she must have (1) the capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers, (2) the mental capacity to observe the occurrence itself and the capacity of remembering what it is that [the child] is called to testify about, and (3) a consciousness of the duty to speak the truth. *Rosche v. McCoy*, 397 Pa. 615, 156 A.2d 307, 310 (1959). When the competency of a minor witness is challenged, either the trial court or the district attorney ordinarily asks the minor witness several questions to extract the minor's capacity for understanding the difference between right and wrong and his or her duty to speak truthfully about the matter at hand.[10] Based on the minor's

the case would be dismissed and there would no longer be a need to assess Complainant's competency.

10. In *Washington*, we noted:

In addition to asking basic questions about what it means to tell the truth and to lie, attorneys commonly ask child witnesses about how a parent, teacher, or the judge would react if they lied. The purpose of these questions is to determine whether the child understands that he or she could be punished or might displease an authority figure if he

answers to these questions, the trial court will adjudge the minor to be competent or not competent to testify.

Here, before the trial court undertook this traditional inquiry and attempted to independently ascertain whether Complainant was competent to testify, it entered an order requiring Complainant to submit to a psychological exam performed by Appellee's proposed psychologist and designed to ascertain Complainant's competency. Without passing on the propriety of this order, we note that it raises justifiable concerns regarding the extent to which minors should be required to submit to potentially unnecessary examinations in furtherance of trial courts' competency determinations. Indeed, at least according to the Commonwealth, the order at issue raises concerns of constitutional proportions as it contends that requiring Complainant to submit to a psychological exam under these circumstances violates his fundamental right to privacy under both the United States and Pennsylvania Constitutions. Commonwealth's Bf. at 9–13 (citing, *e.g., In the Matter of T.R.*, 557 Pa. 99, 105–07, 731 A.2d 1276, 1280 (1999) (plurality) (recognizing appellant's privacy interest in being free from psychological exam)). In any event, it is beyond question that this Commonwealth maintains a deeply rooted public policy of protecting minor victims of crime, *see, e.g., Commonwealth v. Lohman*, 527 Pa. 492, 494–96, 594 A.2d 291, 292 (1991) (recognizing "society's interest in protecting victims of sexual abuse"), and the Commonwealth's appeal raises potentially valid concerns as to whether the trial court's order undermines this public policy. Moreover, we note that review of this order will apparently affect more than just the parties in this matter. *Geniviva*, 555 Pa. at 598–600, 725 A.2d at 1214 (to be important, order should affect more than just the parties at hand). Indeed, another order virtually identical to the one at issue here was recently appealed to the Superior

or she does not tell the truth. Another common line of questioning deals with whether the child has learned about God and whether the child believes God will become angry or sad if he or she tells a lie. Such questioning is another way to underscore whether the child understands the importance of telling the truth in court. 554 Pa. 559, 563 n. 2, 722 A.2d 643, 645 n. 2 (1998).

Court. *See Commonwealth v. Alston*, 864 A.2d 539 (Pa.Super.2004) (reviewing pretrial ruling that required minor complainant to submit to psychological exam regarding competency prior to need for such examination being demonstrated).[11] Thus, we are compelled to conclude that the claim at issue involves an important right, satisfying the final prong of the collateral order doctrine.

In sum, although we conclude that the trial court's order requiring Complainant to submit to a psychological examination is not appealable pursuant to Pennsylvania Rule of Appellate Procedure 311(d), we find that it satisfies all three prongs of the collateral order doctrine and thus, the Superior Court has jurisdiction over the Commonwealth's appeal pursuant to Pennsylvania Rule of Appellate Procedure 313. As such, we reverse the Superior Court's order quashing the Commonwealth's appeal and remand this case to the Superior Court for consideration of the merits of that appeal.

Justice CASTILLE did not participate in the consideration or decision of this case.

Justice NEWMAN files a concurring opinion.

Justice SAYLOR files a concurring opinion.

Justice EAKIN files a concurring and dissenting opinion.

Justice NEWMAN concurring.

I join the holding and rationale of the Majority with regard to the Order of the trial court being a collateral order pursuant to Pa.R.A.P. 313(b). Accordingly, it is reviewable. Further, I also join the Majority's determination that the Order is not appropriate for review under Pa.R.A.P. 311(d). However, my analysis of Rule 311(d) differs from that of both the

11. Not insignificantly, *Alston* was on virtually identical footing to the instant case, as the Commonwealth filed an interlocutory appeal of the pretrial order requiring the minor to submit to a psychological examination. Unlike the Superior Court below, however, the *Alston* court exercised jurisdiction over the appeal pursuant to Rule 313 and went on to consider the merits of the appeal, ultimately finding that the trial court had abused its discretion in prematurely ordering the minor complainant to submit to the psychological examination.

Majority and Mr. Justice Saylor in his Concurring Opinion, and I write separately to articulate my interpretation of that Rule.

The Majority notes that in *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871, 877 (2003):

> we held that application of 311(d) in the suppression context is limited "to those 'circumstances provided by law' in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." Thus, we reject the Commonwealth's assertion that it should always be permitted to appeal any pretrial order that has the potential to affect its ability to meet its burden of proof.

> Moreover, we agree with Appellee that the trial court's order requiring Complainant to submit to a psychological exam here cannot be said to result in the exclusion, suppression or preclusion of Commonwealth evidence and thus, is not appealable pursuant to Rule 311(d).

Majority Opinion at 141–44, 882 A.2d at 467–68 (internal citations omitted).

I authored a dissenting Opinion in *Cosnek*, disagreeing with the restrictive Majority position, which held that "as a matter of law, the Commonwealth can never appeal as of right from a trial court ruling denying a Commonwealth motion *in limine* to exclude defense evidence." *Cosnek*, 836 A.2d at 882 (Newman J., dissenting). I do not believe that Rule 311(d) is limited to only suppression, preclusion, or exclusion of Commonwealth evidence. Rather, as I articulated in *Cosnek*, there may well be circumstances where the Commonwealth's case would be hampered by the introduction of certain controversial defense evidence, and, in those situations, appeal under Rule 311(d) would be allowed.

Accordingly, I cannot accept the Majority's reasoning in the matter *sub judice* that the trial court Order is not appealable under Rule 311(d) because "*Cosnek* limits the application of Rule 311(d) in the suppression context to those circumstances 'in which a pretrial ruling results in the suppression, preclu-

sion or exclusion of Commonwealth evidence. . . .' " Majority Opinion at 142–44, 882 A.2d at 468.

While I do not accept the underlying premise of the Majority's reasoning regarding the application of Rule 311(d) to the trial court Order, I agree with its determination that the Rule does not permit appeal of this Order now. I believe that Judge Hudock's analysis of the impact of the trial court Order regarding the compulsory psychological examination of the child victim was correct, where he noted that:

> Instantly, the trial has not commenced, no jury has been impaneled, and no competency hearing has been conducted by the trial court. In recognition of its obligations, the trial court has ordered the child witness to submit to a psychological examination prior to the competency hearing. However, **no order has as yet been entered which either declares the child to be incompetent or suppresses any portion of the child's proposed testimony. Furthermore, the trial court has entered no order indicating that Appellee will be permitted to call the examining psychologist as a witness. In other words, no order has been entered delineating the quantum of evidence that the Commonwealth or Appellee will be permitted to adduce at trial.**

*Commonwealth v. Shearer*, 828 A.2d 383, 387 (Pa.Super.2003) (Opinion of Hudock, J.) (emphasis added). As the Order has not implicated the introduction or preclusion of any evidence, it is not appropriate for review under Rule 311(d).

Mr. Justice Saylor notes in his Concurring Opinion that the Order is appealable as of right under Rule 311(d), as a result of his placing great weight on the Commonwealth's good faith certification based on the particular facts of this matter. Although I, too, believe that the Commonwealth's good faith certification is entitled to great weight in our analysis, I do not believe that its certification alone is dispositive of every matter. Here, where the trial court Order did not delineate any quantum of evidence with respect to either party, the good faith certification, in my opinion, does not allow for an appeal under Rule 311(d).

For these reasons, I believe that the Commonwealth is entitled to appeal under Rule 313(b) but not under Rule 311(d). I join the majority in reversing the Superior Court's Order and remanding the matter for proceedings consistent with its holding.

Justice SAYLOR concurring.

While I join the majority's holding and reasoning that the order under review directing a defense psychological examination of the child-witness can be reasonably couched as a collateral order and is therefore appealable pursuant to Rule of Appellate Procedure 313, I respectfully differ with the majority's analysis under Rule 311(d).

In particular, the majority indicates that *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871 (2003), is directly applicable to the present circumstances. *See* Majority Opinion at 141 n. 6, 882 A.2d at 466–67 n. 6. The issue framed by the Court in *Cosnek*, however, did not involve the appealability of an order directing a defense examination of a key Commonwealth witness, but rather, concerned whether Rule 311(d) should be read to capture the denial of a Commonwealth motion to exclude defense evidence which it had certified substantially handicapped its case. *See Cosnek*, 575 Pa. at 413, 836 A.2d at 872 (indicating that the Court granted allocatur "to decide whether the Commonwealth may certify an interlocutory appeal from a pretrial ruling that denied its motion in limine to exclude certain defense evidence"). *Cosnek's* express holding, which I joined, is also couched in similarly directed terms: "[W]e hold that the Commonwealth's right to interlocutory appeals does not extend to appealing the admission of defense evidence." *Id.* at 419, 836 A.2d at 876.

In extending *Cosnek* to the present circumstances, the majority relies on a passage from the decision in which the Court indicated that "we limit the application of Rule 311(d) to those 'circumstances provided by law' in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence," *Cosnek*, 575 Pa. at 421, 836 A.2d at 877. *See* Majority Opinion at 141–42, 882 A.2d at 467. When

read in isolation, this statement does appear to transcend the issue presented in the case. Considered in its full context, however, it seems reasonably clear to me that the language is directed to resolving the question actually under review in the appeal, rather than the articulation of some broader rule curtailing other potential applications of Rule 311(d).[1] Candidly, in supporting the majority decision in *Cosnek*, I was not focused on other applications such as those referenced by the majority, *see* Majority Opinion at 141 n. 6, 882 A.2d at 466–67 n. 6, or the circumstances presented here, and I had no intention of issuing a holding that was dispositive in such distinct settings.

Since this case does not involve the denial of a Commonwealth motion to exclude defense evidence, I view the matter as one of first impression. Furthermore, conceptually, I am of the view that Rule 311(d) should be read as affording a degree of deference to the Commonwealth's good-faith certification that a trial court's ruling has the effect of substantially handicapping its case. The Commonwealth, on the other hand, should also appreciate this Court's guiding concern that Rule 311(d)'s exception (to the general rule that an interlocutory order is not subject to an appeal as of right) should not wholly overcome the general rule.[2]

Here, the Commonwealth has certified that the psychological evaluation has the practical effect of substantially handicapping its case because, given the nature of a defense psychological examination, it will inevitably impact adversely upon the child's testimony and impede the prosecution. In the

---

1. The passage proceeds as follows:
   The Commonwealth's ability to take an interlocutory appeal as of right from the suppression or exclusion of its own evidence is rooted in the particular burden which it bears to prove its case. The defense, in contrast, carries a particular privilege to retain control over its own evidence. Both interests are protected when we limit the application of Rule 311(d) to those "circumstances provided by law" in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence.
   *Cosnek*, 575 Pa. at 421, 836 A.2d at 877.

2. To the degree that *Cosnek* touches on this case, I believe that the relationship lies in *Cosnek's* reflection of this underlying concern.

circumstances, I believe that the Commonwealth's certification is justified, particularly given the tender age of the child involved, the allegation that he has been the victim of multiple sexual offenses, and the belabored and taunting commitment by the criminal defense attorney orchestrating the examination to destroy the Commonwealth's case by traumatizing the child.[3]

For these reasons, I conclude that the Commonwealth is entitled to an appeal as of right in this case under Rule 311(d), and I join the majority in reversing the Superior Court's order and remanding the matter for the essential appellate review.

Justice EAKIN concurring and dissenting.

I agree with the majority's conclusion that the order in this case is appealable under Pa.R.A.P. 313; however, because I believe the order is also appealable under Pa.R.A.P. 311(d), I respectfully dissent from the portion of the majority's decision to the contrary.

The majority cites *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871 (2003), for the proposition that the application of Rule 311(d) in the suppression context is limited "to those 'circumstances provided by law' in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." Maj. Op., at 142–44, 882 A.2d at 468 (quoting *Cosnek*, at 420–22, 836 A.2d at 877). Here, however, we are not concerned with suppression or admission of evidence; the issue is whether the Commonwealth may appeal an

---

3. *See, e.g.*, Brief for Appellee at 17 (stating "[t]rauma is certain"); *Id.* (referring to Appellee's counsel's "cigarette stained, blood drenched carnivore incisors [which] gleam with the meat of my victims"); *Id.* at 16, 17, 18 (promising to take a "brutal" approach toward the child); *Id.* at 16 (noting that the child is "in an open field and he is in my gun sights at short range"). To be fair to the attorney, he has also represented in his brief that the traumatization would be at his own hands, outside the context of the psychological examination, and not at the hands of the defense expert. Nevertheless, in my view, the utter disregard for the child-witness manifest in the balance of counsel's presentation to this Court enhances the Commonwealth's projection of an adverse impact on its case resulting from counsel's activities, including his orchestration of the examination, and supports its effort to gain review as of right under Rule 311(d).

order which will substantially hamper the Commonwealth's case by hindering the willingness of its key witness to testify, a *de facto* suppression of the evidence.

In *Cosnek,* I dissented, emphasizing Rule 311(d) does not delineate specific types of orders from which the Commonwealth may take an interlocutory appeal as of right; rather, it permits an appeal from *any* order the Commonwealth certifies will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); *see Cosnek,* at 430, 836 A.2d at 882 (Eakin, J., dissenting) ("Unless the language of the Rule changes, it means what it says: The Commonwealth may appeal an order, not just some types of orders, if it substantially handicaps the prosecution."). The majority "reject[s] the Commonwealth's assertion that it should always be permitted to appeal any pretrial order that has the potential to affect its ability to meet its burden of proof." Maj. Op., at 141–42, 882 A.2d at 467. However, in providing certification pursuant to Pa.R.A.P. 904(e), the Commonwealth is not merely asserting its ability to prove its case may be affected; it is certifying, in good faith, that its case will be terminated or substantially handicapped by the trial court's order.

Here, the Commonwealth has filed the requisite good faith certification. The Commonwealth asserts that if the young victim is forced to undergo a competency examination by the defense's psychologist, his willingness to testify may be hampered, thus preventing his testimony from ever being heard. This would end, or, at the very least, severely handicap the Commonwealth's case. There is no reason to disbelieve the Commonwealth's assertion; indeed, as I noted in *Cosnek:*

> [W]e must be able to rely on the certification as sufficient to safeguard against dilatory use and abuse of the right of appeal. Until experience shows actual abuse by the elected prosecutorial representatives of our counties and our Commonwealth, something certainly not of record in any way, the Rule should be applied as written.

* * *

*If there is a good faith certificate that a pretrial ruling substantially hampers the case of the party whose one job is*

*to seek justice, and the only possible time to appeal is before jeopardy attaches at trial, the appeal should be allowed.*

*Cosnek,* at 430–32, 836 A.2d at 883–84 (Eakin, J., dissenting) (citation omitted; emphasis added).

Thus, given the tender age of the victim, the vital role his testimony plays in this case, and the understandably traumatic effect a probing psychological exam would have on him due to the nature of the crimes to which he was allegedly subjected, I would hold the Commonwealth's good faith certification is sufficient to warrant an appeal under Rule 311(d).

Accordingly, I dissent from the portion of the majority's decision which holds the order at issue in this case was not appealable pursuant to Rule 311(d). In all other aspects, I join the majority.