J. A20039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 250 MDA 2017 |
| | : | |
| TERRENCE W. CLARKE | : | |

Appeal from the Order Entered January 27, 2017,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0001020-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.　　　**FILED DECEMBER 05, 2017**

The Commonwealth appeals from the January 27, 2017 order entered in the Court of Common Pleas of Luzerne County that denied its pretrial motion *in limine* that requested the trial court to enter an order "directing [appellee Terrence W. Clarke] to make a *pretrial* offer of proof as to his intention to raise the Use of Force/Deadly Force in Self-Defense" and "prohibit [appellee] from presenting at trial any evidence premised on [']JUSTIFICATION['] Use of Force/Deadly Force in Self Defense" as premature.  (Order of court, 1/27/17 (emphasis in original).)  We quash.

The record reflects that appellee was charged with one count of criminal homicide, two counts of aggravated assault, and one count of

possession of firearm prohibited.[1] The Commonwealth moved, without opposition, to sever the firearms violation from the remaining counts. The trial court granted the motion for severance. A jury convicted appellee of the firearms violation on October 29, 2014, and the trial court imposed judgment of sentence on December 22, 2014. In affirming appellee's judgment of sentence on that conviction, a panel of this court summarized the factual history underlying all of the charges against appellee, as follows:

> At trial, [appellee] testified that he arrived at Shaker's Bar on February 1, 2014, between 10:30 p.m. and 11:00 p.m. When [appellee] exited the bar with friends at 2:00 a.m., he observed an "all-out fight" break out among a group of bar patrons. [Appellee] maintained that he was caught in the middle of the altercation when he noticed a gun fall to the floor. Although [appellee] acknowledged that he was prohibited from possessing a firearm as a condition of his probation, he testified that he picked up the firearm because he "didn't want anything to happen to me." [Appellee] stated that as he attempted to walk away from the fight, he heard shots fired in his direction. Although [appellee] admitted that he was not physically involved in the altercation, he stated that he fired the weapon back in the direction of the fight in order to "protect" himself.
>
> Pennsylvania State Troopers Nicholas Bressler and Matthew Hunter were on patrol near the Shaker Bar that evening when they heard shots fired. As the Troopers pulled up to the entrance to the Shaker Bar and exited their vehicle, Trooper Bressler observed [appellee] emerge from the bar and turn to discharge his firearm toward the crowd. Although [appellee] ignored the Troopers' repeated demands

---

[1] 18 Pa.C.S.A. §§ 2501(a), 2702(a)(1) and (a)(4), and 6105(a)(1), respectively.

to drop the firearm and stand down, the Troopers apprehended [appellee] after a brief chase. The Troopers recovered the firearm nearby on the ground.

***Commonwealth v. Clarke***, 144 A.3d 191 (Pa.Super. 2016) (unpublished memorandum) (citations to notes of testimony omitted).

The trial court set forth the following procedural history:

[Appellee] was scheduled for trial on the remaining charges of Criminal Homicide and Aggravated Assault on February 6, 2017 and the Commonwealth has renewed its previously filed July 17, 2014 Motion in Limine.[2]

At a ***pre-trial*** conference held January 23, 2017 the Commonwealth requested the Court order that [appellee] make a ***pre-trial*** offer of proof as to his intention to raise the Use of Force/Deadly Force in Self-Defense and further requested that the Court preclude [appellee] from presenting at trial any evidence premised on Justification--Use of Deadly Force in Self-Defense.[Footnote 2]

[Footnote 2] 18 Pa.C.S.A. §505.

---

[2] The record reflects that when the Commonwealth filed its motion to sever the possessory firearms count from the remaining counts, it also filed a motion ***in limine*** pursuant to Pa.R.Crim.P. 578 and a brief in support thereof seeking preclusion of a self-defense jury instruction. The trial court set a briefing schedule and then scheduled oral argument for September 4, 2014. On September 4, 2014, the trial court entered a pre-trial order that addressed various discovery matters. With respect to the motion ***in limine***, the trial court's handwritten order states, "Court will rule @ right time." (Order of court, 9/4/14; docket #17.) The record further reflects that at the close of evidence at appellee's possessory firearms trial, appellee requested a jury instruction on justification. (Notes of testimony, 10/27-29/14 at 184-189). Following argument, the trial court denied appellee's request because the evidence appellee presented at trial was "speculative or debatable" and, therefore, "insufficient to establish the minimum standard as required to each element of the defense." (***Id.*** at 189-191.)

> On January 27, 2017 the Court entered an order denying the Commonwealth's Motion in Limine to direct [appellee] to make a ***pre-trial*** offer of proof as to his intention to raise the Use of Force/Deadly Force in Self-Defense and further denied the Commonwealth's Motion that the Court prohibit [appellee] from presenting at trial any evidence premised on Justification--Use of Force/Deadly Force in Self-Defense. The Court further indicated that such requests are premature prior to trial and reserved the right to rule on these requests when made at the appropriate time indicating that if such requests were made by the Commonwealth at the appropriate time the Court would take evidence on the issues out of the presence of the jury. The Commonwealth filed a Notice of Appeal to [the] Superior Court on February 2, 2017.

Trial court opinion, 3/24/17 at 2 (emphasis in original).

The record reflects that in its notice of appeal, the Commonwealth certified that the trial court's January 27, 2017 order terminates or substantially handicaps its prosecution pursuant to Pa.R.A.P. 311(d). The trial court then ordered the Commonwealth to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely complied. On February 22, 2017, this court ordered the Commonwealth to show cause, within ten days from the date of the order, as to why the appeal should not be quashed as taken from an unappealable order. (Order of court, 2/22/17.) The Commonwealth filed a timely response. On March 8, 2017, this court discharged the show-cause order and referred the issue of appealability to this panel. Therefore, we must determine whether this appeal is properly before us.

The Commonwealth contends that Pennsylvania Rule of Appellate Procedure 311(d) confers jurisdiction over this appeal to this court. Rule 311(d) provides that in a criminal case, "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). Although the Commonwealth included the requisite certification in its notice of appeal, our supreme court limits application of Rule 311(d) to circumstances in which "a pretrial ruling results in the suppression, preclusion or exclusion of **Commonwealth** evidence." **Commonwealth v. Shearer**, 882 A.2d 462, 467 (2005), quoting **Commonwealth v. Cosnek**, 836 A.2d 871, 877 (2003) (emphasis added). Therefore, Rule 311(d) does not confer jurisdiction upon this court to consider an interlocutory appeal from an order filed by the Commonwealth to preclude the introduction of **defense** evidence. **Id.** at 457; **see also Cosnek**, 836 A.2d at 877.

In its response to the show-cause order, the Commonwealth nevertheless maintains that **Cosnek** has no application for two reasons. The Commonwealth first argues that **Cosnek** is inapplicable because "the Commonwealth never sought to preclude any [defense] witness from testifying." (Commonwealth's response to order to show cause, 3/6/17 at 1.) The Commonwealth then contends that because appellee testified at his firearms violation trial and the trial court denied his request for a jury

instruction on the defense of justification for want of evidence to sufficiently support the instruction, appellee should be bound by his former justification testimony, as well as by the trial court's denial of his request for a justification instruction at that trial, when appellee is tried for criminal homicide and aggravated assault in the future. (*Id.* at 4.)

The Commonwealth's arguments miss the mark. Although the Commonwealth has not sought to preclude any particular defense witness from testifying, it does seek to preclude the defense from offering any witness or any other evidence to support a justification defense. Therefore, because the Commonwealth seeks to preclude the introduction of defense evidence (specifically, any and all defense evidence to support justification), the Commonwealth's appeal falls squarely within the mandates of **Cosnek** and **Shearer**. Consequently, this court lacks jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017