**[J-38-2017] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| DIANA SHEARER AND JEFF SHEARER, | : No. 93 MAP 2016 |
| | : |
| Appellants | : Appeal from the Order of the Superior |
| | : Court at No. 665 MDA 2015 dated |
| | : March 9, 2016 Affirming the Order of the |
| v. | : Court of Common Pleas of Lebanon |
| | : County, Civil Division, at No. 2012- |
| | : 01286 dated March 16, 2015, exited |
| SCOTT HAFER AND PAULETTE FORD, | : March 17, 2015. |
| | : |
| Appellees | : ARGUED: May 9, 2017 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED: January 18, 2018**

I agree with the Majority that the reviewability of the issues in this case turns on the application of the collateral order doctrine. Further, I take no issue with its discussion of the historical development balancing the competing policy concerns of the final order and collateral order doctrines. Where I differ is in the Majority's application of that balance as reflected in Pennsylvania Rule of Appellate Procedure 313(b) to the order in this case.

I agree with the Majority that the order is separable from the main cause of action. However, I depart from the Majority's discussion of the second prong of the collateral order doctrine, that is, whether the right affected by the order at issue is "too important to be denied review." Pa.R.A.P. 313(b). The Majority correctly identifies the criteria our courts apply when addressing this prong.

> [Relative to] the importance prong, a right is important if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests

served by the final order rule." [*Commonwealth v.*] *Williams*, 86 A.3d [771,] 782 [(Pa. 2014)]. Further, the rights involved must implicate interests "deeply rooted in public policy [and] going beyond the particular litigation at hand." [*Commonwealth v.*] *Blystone*, 119 A.3d [306,] 312 [(Pa. 2015)] (internal quotation marks omitted)."

Majority Opinion at 13-14.

The Majority Opinion goes on to emphasize that the right at issue in this case is not constitutionally derived, but the product of a rule. *Id.* at 14. This distinction should not be interpreted as being part of the above-quoted standard. Rule-based rights may well be significant relative to the final order rule and be deeply rooted in public policy. *See Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (recognizing issues pertaining to disclosure of privileged information as important for collateral order doctrine purposes); *Spannier v. Freeh*, 95 A.3d 342, 346 (Pa. Super. 2014) (recognizing right to remove a case to federal court as important for collateral order doctrine purposes). Contrastingly, constitutionally-derived rights, in certain contexts, may not meet the standard. For example, suppression issues in criminal cases, often based on alleged violations of constitutional rights, are generally not deemed to extend beyond the particular facts of the case, or to overcome the policies underlying the final order doctrine. It is not the source of the right but the effect an order denying that right may have on our system of justice and issues deeply rooted in public policy that matters.

Like the Superior Court, I deem the right to counsel, including the right afforded by Rule 4010(a)(4)(i), to be "undeniably too important to be denied review." *Shearer v. Hafer*, 135 A.3d 637, 642 (Pa. Super. 2016). The Majority discounts the significance of the right afforded because the Rule also authorizes the presence of a representative in lieu of counsel. However, that choice belongs to the party subject to the neuropsychological evaluation. The fact that a right may potentially be waived to avail

oneself of an alternative, does not, in my view, implicate the importance of the right in the first instance.

I also disagree with the Majority's conclusion that Appellants' claim will not be irreparably lost. The Majority concludes that if the standardized portion of the evaluation proceeds unrecorded and without presence of counsel, and it is later determined such exclusion was error, Appellant could be granted a new trial where a new examination in compliance with Rule 4010(a)(4)(i) could be performed, and any use of the noncompliant evaluation excluded. The relevance of a medical or neuropsychological evaluation to issues in an underlying litigation may well be dependent upon when the examination takes place. The passage of time may result in an inability to adequately measure or ascertain the pertinent conditions, deficiencies, or diagnoses, resulting in a loss of the benefit from a properly and timely conducted evaluation. In this sense, the Superior Court's reliance on our decision in *Commonwealth v. Shearer*, 882 A.2d 462 (Pa. 2005) is apt. In *Shearer*, the concern was over a trial court order compelling a psychological examination of a minor victim in a criminal case and the attendant right to privacy implicated thereby. We found that deferring review of the order would result in the underlying claim being lost with no way to "turn back the clock" if it was later determined that the examination should not have been ordered. *Shearer*, 882 A.2d at 469. Similarly, there will be no way to turn back the clock and conduct a timely evaluation with a representative present if review of the issue is deferred until the appellate stage of the underlying trial matter.[1]

---

[1] The Majority criticizes my observations relative to the time sensitive nature of neuropsychological evaluations in the context of discovery as ones not raised by Appellants. I note this Court raised the issue of the applicability of the collateral order doctrine to this appeal by addition of the question to our grant of allowance of appeal in this matter. *See Shearer v. Hafer,* 157 A.3d 477 (Pa. 2016). The issue, as noted by the Majority, is jurisdictional and, as such, a question of law. In such context, waiver is not (continued…)

For these reasons, I conclude the third prong of Rule 313 has been met in this case, and I would proceed to address the merits.

(…continued)
applicable, and our inquiry into whether harm to an important interest may be lost absent immediate review is not constrained by the arguments of the parties. *See* Maj. Op. at 8 (citing *Dougherty v. Heller*, 138 A.3d 611, 627 n.9 (Pa. 2016), *Commonwealth v. Blystone*, 119 A.3d 306, 311 (Pa. 2015)). In their briefs to this Court, both parties agreed the issue fit the criteria for review as a collateral order, as did the opinion of the Superior Court. Specifically, Appellants argued the Superior Court was correct that, "compliance with the order for psychological examination would render the claim irreparably lost given that once the examination is conducted 'there is no way to turn back the clock'." Appellants' Brief at 32 (*quoting Shearer, 882 A.2d at 469), see also Shearer v. Hafer*, 135 A.3d 637, 643 (Pa. Super. 2016). In my view, that the rights attendant to Rule 4010 will be lost absent a review as a collateral order, is consonant with the narrow scope of the doctrine.