J-S10006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.H. | : | No. 1191 MDA 2020 |

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  FC-2020-0020486-AB

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                 **FILED JUNE 02, 2021**

M.A. (Mother) appeals from two orders in her protection from abuse (PFA) action, one finding statements alleged to have been made by her minor child, Ma.A. (Child), inadmissible under the Tender Years Hearsay Act, and the other finding Child incompetent to testify.  We affirm.

Mother and J.H. (Father) are the parents of Child, who was born in January 2016.[1]  On July 15, 2020, Mother filed a PFA petition in which she alleged Father sexually abused Child.  Mother averred that on July 10, 2020, Child sat on her older brother's face; "[Child] said she learned it from [Father]. [Child] reported to [Mother] that it's a game she plays with [Father] all the time."  Petition for Protection From Abuse, 7/15/20, at 1, ¶11.  The trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother and Father never married.

granted Mother's petition on a temporary basis and scheduled an evidentiary hearing.

On July 29, 2020, the parties appeared for the hearing. Prior to offering testimony, Mother sought admission, pursuant to the Tender Years Hearsay Act (the Act), 42 Pa.C.S.A. § 5985.1, of several statements allegedly made by Child. The trial court noted there was insufficient time to explore the admissibility of these statements and continued the hearing to August 31, 2020. Thereafter, Mother filed a motion pursuant to 42 Pa.C.S.A. § 5985.1(a)(1)(iii)(B), in which she stated her intention to introduce six statements Child allegedly made describing the abuse.

The trial court explained:

> At the conclusion of the [August 31, 2020] hearing, [the trial court] determined that statements 2 through 6 were not admissible statements under the statute. However, the [c]ourt found that statement 1 fell within the hearsay exception but in order for the statement to be introduced as evidence, the child must testify at the hearing or the [c]ourt must deem the child unavailable pursuant to 42 Pa.C.S.A. § 5985.1(a)(1)(ii)(B).[FN] 4 At the time of the August 31, 2020 hearing, an expert regarding forensic interviewing of children in relation to sexual abuse allegations testified that, in her opinion, her interview with [Child] did not cause any emotional distress to [Child]. Based upon this testimony as well as the testimony of Mother and CYS Assessment Caseworker, Sarah Neff, the [c]ourt did not find that [Child] was unavailable to testify as a witness at the [PFA] hearing. Neither party requested that the [c]ourt conduct an *in camera* interview with the child at that time.
>
> > [FN] 4 In order to find the child "unavailable," the court must determine that "testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate." 42

Pa.C.S.A. § 5985.1(a.1). Pursuant to the statute, the [c]ourt is given latitude on the evidence it uses to make this determination. 42 Pa.C.S.A. § 5985.1(a.1).

On September 3, 2020, the parties appeared in person with their [c]ounsel for the [s]econd Abuse Hearing. Prior to the hearing, the [c]ourt interviewed [Child] with only [c]ounsel present.[FN] 5 The purpose of the interview was to determine if [Child] was competent to testify under the Pennsylvania Rules of Evidence. Based upon the child's responses to the [c]ourt's questioning, the [c]ourt found that the child was incompetent to testify under Pa.R.E. 601. Because the [c]ourt found that the child was available to testify pursuant to 42 Pa.C.S.A. § 5985.1(a)(1)(ii)(B) but incompetent to testify pursuant to Pa.R.E. 601, the child did not testify at the [PFA] hearing and therefore, the child's statement could not be admitted into evidence as an exception to the hearsay rule.

> FN 5 Defendant Father requested to be present for the child's interview but the [c]ourt denied his request pursuant to 42 Pa.C.S.A. § 5985.1(a.2)(2) ("If the court observes or questions the child, the court shall not permit the defendant to be present"). However, the interview with the child was transcribed.

Trial Court Opinion, 9/11/20, at 1-2 (unnumbered).

The trial court ultimately denied Mother's request for a final PFA order, and Mother timely appealed.[2] Both Mother and the trial court have complied with Rule of Appellate Procedure 1925.

On appeal, Mother presents seven issues:

---

[2] Mother's notice of appeal states she is appealing from the orders "entered" August 31, 2020 and September 3, 2020. However, after cross-referencing Mother's Rule 1925(b) statement with the orders entered on the trial court docket, Mother is appealing from the order dated August 31, 2020 and docketed September 1, 2020, and the order (following the September 3, 2020 hearing) dated September 9, 2020 and docketed September 11, 2020.

1. Whether the court erred in finding the Appellant must address the actual crime or crimes attributed to the child under 42 Pa.C.S. [§] 6981.et seq. (The "Act").

2. Whether the court erred in requiring [Mother] to "notify the court" of which crimes the statements in questions applied to.

3. Whether the court erred in failing to find all the statements made by the child applied to Corruption of Minors, 18 Pa.C.S. 6301 [§] (a)(i).

4. Whether the court erred in requiring [Mother] to proffer statements at the initial hearing on the PFA on August 31, 2020.

5. Whether the court erred in failing to find the statements by the child were made under reliable circumstance and therefore admissible under the Act.

6. Whether the court erred in failing to find the child "unavailable" under the Act.

7. Whether the court abused discretion in finding the child incompetent to testify pursuant to Rule 601.

Mother's Brief at 5.

Preliminarily, we note deficiencies in Mother's brief, which does not include (1) a copy of the order or other determination in question; (2) the Rule 1925(b) statement; (3) a copy of the trial court's opinion; and (4) a table of contents or a table of citations. *See* Pa.R.A.P. 2111(a) and 2174(a)-(b). Further, Mother does not reference the record in contravention of Pa.R.A.P. 2132. While it is well settled that we may dismiss an appeal when substantial defects in a brief impede meaningful review, *see* Pa.R.A.P. 2101, Mother's infractions do not impede review. Thus, we decline to dismiss the appeal.

*See, e.g., Morgan Guar. Trust Co. of New York v. Mowl*, 705 A.2d 923, 924 n.1 (Pa. Super. 1998).

In her first issue, Mother asserts the trial court erred in requiring her to address "the crime or crimes attributed to the child" under the Act. Mother's Brief at 12. Mother contends she "can find no case that requires the proponent of the admissibility of the statements to produce evidence of the crimes the statements pertain to," and the court erred in requiring her to specifically identify crime or crimes. *Id.* at 13.

Under the Act, out-of-court statements are admissible in the following circumstances:

> **(a) General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in [Title 18 (relating to crimes and offenses), Chapter 27 (relating to assault)], not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
> > (i) testifies at the proceeding; or
>
> > (ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a).

In rejecting this issue, the trial court accurately explained:

> [Mother's] allegations that this [c]ourt "required" her to "notify" the [c]ourt of which crimes the statements in question applied or

address the actual crimes that the statements described to is simply false. In its Order and Opinion docketed September 1, 2020, this [c]ourt merely mentioned that "neither counsel for the [Mother] nor counsel for [Father] at any time addressed this section of the statute." As [Mother's] counsel did not specify which offenses she believed applied to which statements, this [c]ourt independently reviewed each statement and each of the offenses enumerated in 42 Pa.C.S. § 5985.1(a)(2). As stated in the Opinion and Order docketed September 1, 2020, this [c]ourt found only one of the child's statements could potentially describe any of the enumerated offenses. There are thirteen different chapters and single sections under Title 18 that are enumerated in 42 Pa.C.S. § 5985.1(a)(2). [Mother's] counsel raises the specific offense of corruption of minors, and her belief that it applied to each of the child's six statements, for the first time on appeal. While she was certainly not required to "notify" the [c]ourt of which crimes she believed the child's statements applied to, this [c]ourt is not tasked with guessing which crimes [Mother] and her counsel intended to argue applied to the statements. . . . Given that there was no mention by [Mother] of any specific enumerated offense to which she believed the child's statements applied, this [c]ourt rendered a decision based on an independent review of the child's statements and found that none of them rose to the level or describing the crime of corruption of minors.

Trial Court Opinion, 10/28/20, at 3-4.

We agree with the trial court's rationale. It is clear from the record — and the two block-quoted trial court commentaries excerpted above at pages 2-3 and 3-4 — that the court did not preclude the admission of Child's statements because Mother failed to identify a specific offense in the Crimes Code. Rather, to the extent Mother failed to identify which offenses she believed Child's statements implicated, the court was left guessing, but never imposed on Mother a requirement not authorized by statute or otherwise. Mother's first issue lacks merit.

Mother's second, third and fourth issues, although they overlap with her other issues, are waived. This Court will address only issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. ***See*** Pa.R.A.P. 2101–2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. 2014) (citation and quotation omitted). Issues raised in a brief's Statement of Questions Presented but not developed in the brief's argument section will be deemed waived. ***Harkins v. Calumet Realty Co.***, 614 A.2d 699, 703 (Pa. Super. 1992).

Instantly, the second, third and fourth issues Mother presents in her Statement of Questions, although related to her other three issues, are not separately addressed, developed or argued in the body of her brief. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Coulter, supra*** at 1088. Even in the absence of waiver, and as noted above, the waived issues relate to Mother's other issues, and to a certain extent, are addressed in this memorandum, as well as the trial court opinions.

Next, in her fifth issue, Mother asserts the trial court erred in finding Child's statements inadmissible under the Act. In reviewing the admissibility of evidence, "an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest

unreasonableness, or misapplication of law." ***Commonwealth v. Cox***, 115 A.3d 333, 336 (Pa. Super. 2015) (*en banc*) (citations omitted).

The Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "Hearsay is not admissible except as provided by [the Pennsylvania Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802.

The Act creates an exception to the hearsay rule for young victims and witnesses. The tender years exception provides for the admissibility of a hearsay statement when it has sufficient indicia of reliability as determined from the time, content, and circumstances of its making. ***Commonwealth v. O'Drain***, 829 A.2d 316, 320 (Pa. Super. 2003) (citation omitted). Our Supreme Court explained:

> The [Tender Years Act] concerns the admissibility of out-of-court statements made by a child victim or witness to third parties. The admissibility of this type of hearsay is determined by assessing the particularized guarantees of trustworthiness surrounding the circumstances under which the statements were uttered to the person who is testifying. To determine whether a child's out-of-court statements are admissible under the [Tender Years Act], a trial court must assess the relevancy of the statements and their reliability in accordance with the test enunciated in ***Idaho v. Wright***, [497 U.S. 805 (1990)]. Although the test is not exclusive, the most obvious factors to be considered include the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate.

*Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa. 2014) (quotations omitted).

Again, Mother has failed to develop her claim with a cogent legal argument. In an appellate brief, parties must develop their argument with discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor would it be proper, for us to develop a party's argument, as to do so would place the Court in conflicting roles of advocate and neutral arbiter. *Coulter*, 94 A.3d at 1088. When an appellant fails to develop her argument and fails to cite legal authority, the issue is waived. *Commonwealth v. Luktisch*, 680 A.2d 877, 879 (Pa. Super. 1996). Here, Mother baldly asserts the court erred in finding Child's statement inadmissible, and generally cites *Walter supra*, without citing any other legal authority to support her claim. As it is not the function of this Court to clarify or support Mother's argument, we are again compelled to find waiver. However, in the absence of waiver, we would agree with the trial court's analysis and disposition, and thus find no merit to Mother's substantive claim.

In her sixth issue, Mother argues the trial court erred by failing to find Child unavailable to testify at the final PFA hearing. As discussed above, an out-of-court statement of a child who is 12 years old or younger is admissible when two requirements are met: (1) the evidence is relevant and the time, content and circumstances of the statement provides sufficient indicia of reliability; and (2) the child must either testify at the proceeding or be deemed

unavailable as a witness. ***Walter***, 93 A.3d at 454; ***see also*** 42 Pa.C.S.A. § 5985.1(a)(2)(i)-(ii).

For the child to be deemed unavailable, "the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate." ***Id.*** at § 5985.1(a.1). In making this determination, the court may (1) observe and question the child, either inside or outside of the courtroom; and (2) hear testimony of the child's parent or custodian or any other person who has dealt with the child in a medical or therapeutic setting. ***Id.*** at § 5985.1(a.1)(1)-(2). The Act does not require a court's determination of unavailability to be supported by expert testimony. ***Walter***, 93 A.3d at 454.

In her argument, Mother observes, "[a]lthough it is not required that an expert testify to severe emotional distress, the court asked the expert whether she thought the child was under severe emotional distress when the examiner spoke to the child." Mother's Brief at 15. Mother then maintains:

> [M]other's testimony about her own child and her inability to testify was sufficient and the Court should have deemed her unavailable pursuant to The Act.

***Id.***

Mother's conclusory argument is not persuasive. Conversely, our review of the record supports the trial court's finding that Child would not experience severe emotional distress if she were to testify. The trial court explained:

Mother called Sherry Moroz. Sherry Moroz is a forensic interviewer at the Child Advocacy Center of the Central Susquehanna Valley. Mother did not offer Ms. Moroz's testimony in regard to statements that the child made to her which was she was [sic] seeking to enter pursuant to the statute, as Mother provided no notice to Father's counsel of any statements that the child made to Ms. Moroz. The Court, therefore, infers that Ms. Moroz's testimony was provided to support Mother's position that the child's testimony would cause emotional distress to the child. Ms. Moroz testified that she conducted an interview with [Child] on July 21, 2020. The Court found Sherry Moroz to be an expert in regard to forensic interviewing of children in relation to sexual abuse allegations. The interview was done at the request of Lycoming County Children & Youth. Ms. Moroz found [Child] to be very active and communicate well. She stated she could communicate appropriately what had happened to her. She found [Child] to be a vivacious little girl. [Child] was not upset about being in a room with a stranger and speaking with her. At no time did [Child] cry or show duress and there was nothing in [Child's] demeanor that impaired her ability to communicate with Ms. Moroz. She noted that based on her experience, four-year-olds have a limited attention span when it comes to focusing or talking about things. She also stated she was unsure what [Child's] ability is to recall and express everything that has happened to her. **She did testify that it was her belief that her interview did not, in any way, cause [Child] any emotional distress**.

Sarah Neff, a Lycoming County Children & Youth Assessment Caseworker, testified that she was also present at the CAC interview and observed the interview from another room. She stated the child did not seem to be under any emotional duress during the CAC interview, that throughout the interview she was active and, at times, was easily distracted.

Mother also testified. She stated that it is hard to keep [Child's] attention or focus when talking to her and she does not feel that she will be able to give testimony in a setting that has other people who will be distracting. She also thinks that [Child] may be very similar to her and turn to laughter and smiling when she is emotional about something.

Based upon the testimony presented by Sherry Moroz, Sarah Neff and Mother, the Court does not find that [Child] is unavailable as a witness to testify at the Protection from Abuse Hearing.

Mother's counsel argued that, as a four-year-old, [Child] does not have the capacity to testify herself and, therefore, her statements should be admissible. Whether or not a four-year-old has the capacity to testify is not the inquiry before the Court as to whether or not [Child] is unavailable as a witness under the Tender Years Hearsay Act. [Child] has already spoken to Sherry Moroz in regard to these incidents. At no time when she spoke concerning these issues did [Child] become upset or unable to communicate with Ms. Moroz. There was absolutely no evidence presented that would support the position that [Child] providing testimony to the court in regard to this matter would cause her serious emotional distress that would impair her ability to reasonably communicate with the court. The Child is, therefore, not unavailable to testify.

Trial Court Opinion, 9/1/20, at 8-10 (emphasis added).

The trial court did not abuse its discretion or err. The court thoroughly addressed this issue, and as such, we adopt the trial court's reasoning as our own. We further note that Mother's argument essentially asks us to reassess the credibility of the witnesses and reweigh their testimony, which is not our role as an appellate court. In sum, Mother's sixth issue regarding Child's availability to testify lacks merit.

In her final issue, Mother asserts the trial court abused its discretion by finding Child incompetent to testify at the final PFA hearing. Mother alleges Child "answered every question the court asked in an appropriate way. She knew where she lived and with whom she lived. She knew the relationship between the people she lived with. The court never asked her questions about the allegations she made against [Father] or whether she knew the difference between truth and a lie, however." Mother's Brief at 18. Mother argues Child had the ability to communicate and to understand the questions asked, and thus was competent to testify. *Id.*

Pennsylvania Rule of Evidence 601 states:

**Rule 601. Competency**

(a) General Rule. Every person is competent to be a witness except as otherwise provided by statute or in these rules.

(b) Disqualification for Specific Defects. A person is incompetent to testify if the court finds that because of a mental condition or immaturity the person:

(1) is, or was, at any relevant time, incapable of perceiving accurately;

(2) is unable to express himself or herself so as to be understood either directly or through an interpreter;

(3) has an impaired memory; or

(4) does not sufficiently understand the duty to tell the truth.

Pa.R.E. 601.

"The general rule in Pennsylvania is that every person is presumed competent to be a witness." **Commonwealth v. Delbridge**, 855 A.2d 27, 39 (Pa. 2003) (citing Rule 601(a)). The party challenging the competence of the witness has the burden to assert the challenge and to prove that the witness is, in fact, incompetent to testify. **Rosche v. McCoy**, 156 A.2d 307, 309 (Pa. 1959) ("[c]ompetency is the rule and incompetency the exception"). "A decision on the necessity of a competency hearing is addressed to the discretion of the trial court." **Delbridge**, 855 A.2d at 39 (citation omitted).

Pertinently, the presumption of competency to testify does not arise when a child is under the age of 14 at the time she is to testify. **Rosche**, 156

A.2d at 310. Our Supreme Court has held "that witnesses under the age of [14] be subject to judicial inquiry into their testimonial capacity." *Commonwealth v. Hutchinson*, 25 A.3d 277, 290 (Pa. 2011) (citation omitted); *see also Rosche*, 156 A.2d at 310 (when the witness is "[u]nder [14 years of age,] there must be judicial inquiry as to mental capacity, which must be more searching in proportion to chronological immaturity"). "A competency hearing of a minor witness is directed to the mental capacity of that witness to perceive the nature of the events about which she is called to testify, to understand questions about that subject matter, to communicate about the subject at issue, to recall information, to distinguish fact from fantasy, and to tell the truth." *Hutchinson*, 25 A.3d at 290. "When the competenc[e] of a minor witness is challenged, either the trial court or the district attorney ordinarily asks the minor witness several questions to extract the minor's capacity for understanding the difference between right and wrong and his or her duty to speak truthfully about the matter at hand." *Commonwealth v. Shearer*, 882 A.2d 462, 469 (Pa. 2005).

Here, the trial court convened a hearing to address Child's competency. After speaking with Child, who was four-years-old at the time, the court described Child as "very outgoing and talkative." Trial Court Opinion, 10/28/20, at 2 (unnumbered); *see also* Trial Court Opinion, 9/11/20, at 4 (unnumbered). However, the court also found Child lacked the maturity to answer questions accurately and truthfully, and therefore concluded Child was incompetent to testify. *Id.*

- 14 -

Our review supports the trial court's determination. For example, the following exchange occurred between the court and Child:

[THE COURT]: Do you remember being at the courthouse the other day?

[Child]: Yeah. We're going to another house where me and [my friend] can sleep.

[THE COURT]: Do you remember having to talk to another Judge that day?

[Child]: Yeah.

[THE COURT]: And do you remember what you told her that day?

[Child]: Yeah.

[THE COURT]: Can you tell me that? If you don't remember it's okay. You don't have to remember everything.

[Child]: I don't know.

[THE COURT]: You don't know? Okay. . . . . .

N.T., 9/3/20, at 9.

The trial court further questioned Child:

[THE COURT]: Do you understand what court is?

[Child]: Yeah.

[THE COURT]: What is court?

[Child]: I don't know.

*Id.* at 12.

The trial court subsequently explained, "the subject of conversation with the minor child constantly changed as the minor child would abruptly change

- 15 -

topics. While this is common and expected with a four-year-old, it reflected the immaturity of the minor child and the unreliability of her testimony." Trial Court Opinion, 10/28/20, at 2-3. The court thus found Child's behavior appropriate for a four-year-old, but lacking veracity to understand questions and give truthful answers, *i.e.*, testify competently. Accordingly, Mother's final issue concerning Child's competency does not merit relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2021