J-A12011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD C. PIZZICAROLI | |
| Appellant | No. 1372 MDA 2020 |

Appeal from the PCRA Order Entered October 19, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0005518-2016

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED: August 10, 2021**

Appellant Richard C. Pizzicaroli appeals from the October 19, 2020 order of the Court of Common Pleas of Berks County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  After careful review, we vacate and remand.

The facts and procedural history of this case are undisputed.  As recounted by the PCRA court:

> On February 9, 2018, [Appellant] entered an open guilty plea to aggravated assault by vehicle while driving under the influence [(75 Pa.C.S.A. § 3735.1)] and related offenses.  On the same date, he was sentenced to five to ten years of incarceration in a state correctional facility.  [Appellant] was represented by Allan L. Sodomsky, Esquire, at his plea and sentencing. [Appellant] did not file a post-sentence motion or a direct appeal.
>
> On or about January 28, 2019, [Appellant] filed a *pro se* [filed the instant petition.]  Accordingly, th[e] court appointed David J. Long, Esquire, to represent [Appellant].  Counsel was directed to file either an amended petition pursuant to

Pennsylvania Rule of Criminal Procedure 905 detailing [Appellant's] eligibility for relief or a **Finely** petition detailing the reasons why this court should allow counsel to withdraw. **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); **Commonwealth v. Tuner**, 544 A.2d 927 (Pa. 1988).

Counsel reviewed the entire official file and communicated with [Appellant]. Thereafter, on August 1, 2019, [Appellant's] PCRA counsel filed an amended petition alleging that [Appellant] requested that plea counsel file an appeal, that an appeal was never filed, and that Attorney Sodomsky did not move to withdraw his appearance. On February 12, 2020, this court filed an order withdrawing Attorney Long's appearance and appointing Osmer S. Deming, Esquire, to represent [Appellant].

PCRA Court Opinion, 10/19/20, at 1-2 (unnecessary capitalizations omitted).

Following a hearing, the PCRA court denied Appellant relief. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only that the PCRA court erred in concluding that he failed "to prove that [Attorney Sodomsky] was ineffective for failing to file a direct appeal." Appellant's Brief at 1. In other words, Appellant's sole argument on appeal is that his plea counsel was ineffective in failing to file a requested direct appeal and that the PCRA court erred in concluding otherwise and not reinstating *nunc pro tunc* his direct appeal rights.

As we have explained:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa. Super. 2004), *appeal denied*, 871 A.2d 189 (Pa. 2005). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). The petitioner bears the burden of proving all three prongs of the "*Pierce*[1] test. *Commonwealth v. Meadows*, 787 A.2d 312, 319–20 (Pa. 2001). "Counsel is presumed to be effective and Appellant has the burden of proving otherwise." *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). "A defendant's failure to satisfy even one of the three requirements results in the denial of relief." *Miller*, 987 A.2d at 649; *accord Reyes-Rodriguez*, 111

---

[1] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

- 3 -

A.3d at 780 ("A petitioner must prove all three factors of the '*Pierce* test,' or the claim fails.").

"Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." *Commonwealth v. Lane*, 81 A.3d 974, 978 (Pa. Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (Pa. 2014). Our Supreme Court has held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (internal footnote omitted). Differently put, if counsel neglects to file a requested direct appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1235 (Pa. 2012).

Nonetheless, even if a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." *Commonwealth*

*v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006), *appeal denied*, 918 A.2d 741 (Pa. 2007). Where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the court applies the traditional three-prong test "to decide whether counsel rendered constitutionally ineffective assistance by failing to advise [the] client about his appellate rights." *Markowitz*, *supra* at 716.

> Pursuant to [*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [*Id.*] at 1254 (quoting *Roe*[, *supra*] at 480, 120 S. Ct. [at 1036]).

*Bath*, *supra* at 623. "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." *Markowitz*, *supra* at 716. Prejudice in this context means a defendant must show a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. *Touw*, *supra* at 1254.

Here, in rejecting Appellant's claim that he requested a direct appeal, the PCRA court found credible Attorney Sodomsky's testimony to the contrary – *i.e.*, Appellant did not request a direct appeal within 30 days of sentencing. *See* Trial Court Opinion, 10/19/20, at 4 ("Attorney Sodomsky testified that [Appellant] did not ask him to file an appeal in this case. The court found Attorney Sodomsky's testimony credible."). Accordingly, as we are bound by

the PCRA court's credibility determinations, **see Ford**, **supra**, we cannot conclude that Attorney Sodomsky was *per se* ineffective for failing to file a direct appeal.

Despite the foregoing determination, we cannot terminate our inquiry. As set forth above in **Bath**, the PCRA court had to determine further whether Attorney Sodomsky had reason to believe either that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or that Appellant reasonably demonstrated to Attorney Sodomsky that he was interested in appealing. While we would ordinarily remand for that determination, we need not do so, since alternative grounds exist requiring a remand. Our review of the record reveals that Appellant was not properly advised of his appeal rights at sentencing due to a breakdown in court operations.

At the PCRA hearing, Attorney Sodomsky specifically testified that Appellant did not request a direct appeal until **nine months after** sentencing when Attorney Sodomsky received a letter from Appellant dated November 14, 2019, indicating Appellant's intention to file an appeal. N.T. Hearing, 9/8/20, at 22. The record in this case sheds light on why Appellant likely waited nine months to request an appeal. At Appellant's guilty plea and sentencing, **neither the trial court nor Attorney Sodomsky** advised Appellant of his post-sentence or direct appeal rights on the record. Indeed, Rule 704 of the Pennsylvania Rule of Criminal Procedure outlines measures

that a trial court must take at a sentencing hearing. Rule 704 provides in pertinent part that:

> [t]he judge **shall determine on the record** that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 704(C)(3)(a) (emphasis added). The Comment accompanying Rule 704(C)(3) states that a judge has a duty to explain to the defendant the rights set forth in paragraph (C)(3). The Comment also explains that a written colloquy advising a defendant of his or her post-sentence and appellate rights may be used provided that the colloquy is made part of the record of the sentencing proceeding and is supplemented by an on-the-record examination to determine that the defendant has been advised of the applicable rights enumerated in paragraph (C)(3) and that the defendant has signed the form. *See id.* cmt. Although Appellant signed a written "acknowledgement of post-sentence procedures following guilty plea," there is no indication in the certified record or the sentencing transcript that the trial court supplemented the written colloquy by an on-the-record examination to determine that Appellant had been advised of the applicable rights under Rule 704(C)(3)(a).

It is well-settled that "a breakdown of the court processes is found to have occurred where the trial court or the clerk of courts "departed from the obligations specified" in Pa.R.Crim.P. 704, relating to procedure at the time of sentencing, and Pa.R.Crim.P. 720, relating to post-sentence procedures and

appeal.[2]  ***Commonwealth v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007), ***appeal denied***, 960 A.2d 838 (Pa. 2008).  As stated, the trial court deviated from its clear obligations under Rule 704 by failing to inform Appellant on the record of his post-sentence or direct appeal rights.  Given this breakdown in the processes of the court, we conclude that the PCRA court erred in denying Appellant's request for *nunc pro tunc* reinstatement of his post-sentence and direct appeal rights.  Thus, we vacate and remand this case to the PCRA court with instructions to grant Appellant's PCRA petition and to reinstate Appellant's post-sentence and direct appeal rights consistent with this Memorandum.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2021

---

[2] Rule 720 governs the filing of an appeal from a judgment of sentence.  ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*), ***appeal denied***, 882 A.2d 472 (Pa. 2005).