J-S09011-26

2026 PA Super 103

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
ERROL R. BROOMES : No. 1457 EDA 2025

Appeal from the Order Entered June 4, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002358-2022

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.*

OPINION BY MURRAY, J.: **FILED MAY 20, 2026**

The Commonwealth of Pennsylvania appeals from the trial court's order denying the Commonwealth's motion *in limine*.  The Commonwealth's motion sought to preclude defendant Errol R. Broomes (the defendant) from cross-examining the alleged domestic-violence victim about her prior arrest for charges of theft, identity theft, and related charges.  These charges pertained to the victim's withdrawals from the defendant's bank and credit accounts.  These charges were withdrawn prior to the victim's preliminary hearing.  After careful review, we quash the appeal.

Relevant to this appeal, the Commonwealth's motion *in limine* set forth the following factual predicate for its motion:

_____

* Former Justice specially assigned to the Superior Court.

1. [The defendant] is charged with attempted homicide, aggravated assault, and various other related and lesser included offenses [against the victim].

2. Trial in this matter is set to commence on June 4, 2025.

3. The charges arose out of [the defendant's] actions in striking the victim in the head with a large rock, and driving [the defendant's] car, with the victim inside, over an embankment, [and] causing a crash.

* * *

8. [The defendant] has subpoenaed a former Assistant District Attorney [(ADA)], Andrew Throckmorton[, Esquire,] who was previously the prosecutor in this case.

9. Although not yet confirmed, the Commonwealth believes and therefore avers that [the defendant] intends to call police officer(s) from the Pocono Township Police Department, [which had withdrawn the] charges [against the victim] at issue in this motion, to testify as well.

10.    Former [ADA] Throckmorton's subpoena was the subject of a Motion to Quash filed by the Commonwealth, and a hearing was held at which time [ADA] Throckmorton testified as to his directive to withdraw said charges, which was based on a determination that the police investigation in this matter was insufficient and lacking in merit. He further testified that there was no arrangement of any kind made with the victim of this case, but rather[,] the decision was solely based on the lack of merit to the case as it was set forth in the complaint and affidavit. Said motion to quash remains under advisement before [the trial court].

11.    Said charges [against the victim] never reached the preliminary hearing stage, therefore, there was never a finding that even a *prima facie* level of proof existed with regard to those charges.

Commonwealth's Motion *In Limine*, 6/2/25, ¶¶ 1-3, 8-11.

As the trial court described in its opinion,

[The trial court] held a hearing [on the Commonwealth's motion *in limine*,] outside the presence of the jury[, on June 4, 2025,] the morning of trial.  During the hearing, the Commonwealth argued that if the evidence was admitted, it would hamper or terminate the prosecution and handicap the case.  (N.T., 6/4/25, at … 42-43).

The defense argued that the victim[] manufactured portions of her story against [the defendant] in order to steal [the defendant's] money.  (*See* N.T., 5/27/25, at 7 …).  The Commonwealth argued that withdrawn charges against the victim[] are inadmissible.  The Commonwealth relied on *Mezzacappa v. Northampton County*, 334 A.3d 268 (Pa. 2025)[,] and *Commonwealth v. Berry*, 323 A.3d 641 (Pa. 2024).  These cases discuss a defendant's prior arrest history.  The Commonwealth argued that a mere arrest is irrelevant to the impeachment of a defendant.  Further, the Commonwealth aver[red] that if prior arrests cannot be used to impeach a defendant, then it should not be used to impeach a witness.  (N.T., 6/4/25, at 10).  Given the Commonwealth's assertion that they intended to appeal [the trial court's] decision, the trial was cancelled prior to swearing of the jury.

Trial Court Opinion, 8/1/25, at 1-2 (footnote in original, citations modified).

On June 4, 2025, the trial court denied the Commonwealth's motion *in limine*, after which the Commonwealth filed the instant timely appeal.[1]  The trial court and the Commonwealth have complied with Pa.R.A.P. 1925.

On September 10, 2025, this Court issued a rule upon the Commonwealth to show cause "why the … appeal should not be quashed as taken from a non-appealable interlocutory order."  Order, 9/10/25.  The Commonwealth filed a response, which certified that that the trial court's order

---

[1] The Commonwealth's notice of appeal included a Pa.R.A.P. 311(d) certification that the trial court's order will "substantially handicap or terminate the prosecution of the [d]efendant in the above-captioned case." Notice of Appeal (Statement of Compliance), 6/16/26.

- 3 -

"will substantially handicap or terminate the prosecution of the [d]efendant in the case." Commonwealth's Response to Rule, 9/19/25, ¶ 1. In support, the Commonwealth asserts the following:

> With regard to the certification under Pa.R.A.P. 311(d), the Pennsylvania Supreme Court has held that the Commonwealth's certification [that the trial court's order will substantially hinder its prosecution] … is not contestable. **See Commonwealth v. Dugger**, 486 A.2d 382 (Pa. 1985).[2]
>
> The Pennsylvania Supreme Court has stated the same holds true with regard to Commonwealth appeals from adverse pre-trial orders, such as a motion *in limine*, and [that the Commonwealth] may appeal such orders in the same manner in which it may appeal adverse suppression orders. **See Commonwealth v. Cohen**, 605 A.2d 1212 (Pa. 1992).
>
> While it is true that such appeals of motions *in limine* seem to typically involve decisions to preclude proposed Commonwealth evidence[,] the Commonwealth respectfully submits that the same right of appeal can and should apply to Commonwealth motions *in limine* to preclude what the Commonwealth asserts is improper defense evidence.

*Id.* ¶¶ 4-6 (footnote added; capitalization modified; paragraph designations omitted).

The Commonwealth explains that "the evidence in question concerns the [trial] court's decision to admit what the Commonwealth alleges is improper evidence attacking the victim's credibility." *Id.* ¶ 7. According to the Commonwealth, the evidence relates to the victim's arrest for her

_____

[2] **Dugger** was superseded by Rule 311(d). **See** Pa.R.A.P. 311(d), cmt; **Commonwealth v. Dixon**, 907 A.2d 468, 471 (Pa. 2006).

purportedly unlawful use of the defendant's bank account and/or credit accounts, while the defendant was incarcerated. *Id.* These charges were withdrawn prior to the victim's preliminary hearing. *Id.*

> The Commonwealth argues that the victim's status as the victim and central witness in a crime of domestic violence makes her credibility not only the most important of any witness in the case, but a central issue in the case as a whole. While a defendant can and should be permitted to attack that credibility through appropriate means, the use of inappropriate or inadmissible evidence should not be permitted as it likely would cause irreparable damage to the witnesses' credibility, and being more prejudicial than probative, it cannot and should not be admitted. *See* [Pa.R.E.] 403.
>
> If the inappropriate evidence in question were to be admitted, the standard jury instruction on witness credibility would further damage the victim's ability to have her testimony fairly considered, without being unfairly maligned by unproven allegations. Standard instruction 4.17[(1)(e)]. instructs a jury that they "may and should" consider whether a witness has any interest in the outcome of the case, bias, prejudice or other motive that might affect her testimony. Should the inappropriate evidence be admitted, the jury would be instructed that they "may and should" consider it in evaluating the victim's testimony. This would be difficult, if not impossible to overcome in terms of damage to the victim's credibility.

*Id.* ¶¶ 10-11. The Commonwealth's response further points out that such evidence could result in the victim invoking her constitutional protection against self-incrimination, which would further damage her credibility. *Id.* ¶ 13.

The Commonwealth claims that evidence of a witness's mere arrest should not be admissible for the same reasons that a mere arrest cannot be used as evidence against a criminal defendant. *Id.* ¶¶ 15-16. The

- 5 -

Commonwealth argues that an immediate appeal is the only means by which to protect the victim, and that admitting such evidence

> strikes at the heart of the Commonwealth's ability to present its case, as it impermissibly undermines the credibility of the only eyewitness victim in a domestic violence attempted homicide prosecution. If left unreviewed, the order will cause irreparable prejudice, impairing the Commonwealth's ability to secure a fair trial and effectively terminating the prosecution as a practical matter….

*Id.* ¶ 20. On September 22, 2025, this Court discharged the rule, and referred the issue for consideration by the merits panel. Order, 9/22/25.

Thus, we must first address whether the trial court's order denying the Commonwealth's motion *in limine* is an appealable order. The appealability of an order implicates the jurisdiction of an appellate court to consider an appeal's merits. *See Beltran v. Piersody*, 748 A.2d 715, 717 (Pa. Super. 2000). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." *Commonwealth v. Merced*, 265 A.3d 786, 789 (Pa. Super. 2021).

Pennsylvania Rule of Appellate Procedure 311 authorizes interlocutory appeals under certain, defined circumstances. At issue in this case is Rule 311(d), under which

> "the Commonwealth may take an appeal as of right from an order that does not end the entire case[,] where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). "[T]he classic case of an interlocutory order appealable by the Commonwealth as of right [] is one granting a defense motion to suppress evidence." *Commonwealth v. McKnight*, … 305 A.3d 582, 586 (Pa. Super. 2023), *appeal denied*, 327 A.3d 184 (Pa.

2024) (citation omitted). However, "other kinds of orders that d[o] not implicate the loss of evidence[,]" but would still terminate or substantially handicap the prosecution[,] are appealable under Rule 311(d). *Commonwealth v. Pownall*, 278 A.3d 885, 900 (Pa. 2022) (recognizing cases where the compelled disclosure order of subject of grand jury investigation and order quashing some though not all charges were appealable as of right); *see also Commonwealth v. Luckey*, 333 A.3d 480, 486 (Pa. Super. 2025) (*per curiam*), *appeal denied*, [346 A.3d 316 (Pa. 2025)] (holding that a pretrial discovery order granting the defense's request to obtain the assault victim/sole witness's new residential address[,] and to conduct an in-person interview in her home[,] was appealable under Rule 311(d) because it had "the practical effect of excluding evidence necessary to the Commonwealth's prosecution of its case[,]" where the victim indicated that she would not cooperate if forced to reveal her address to the defense)….

*Commonwealth v. Loughran*, 348 A.3d 1186, 1194-95 (Pa. Super. 2025).

In *Pownall*, our Supreme Court summarized the history and parameters of Rule 311(d):

We have previously traced the history of Rule 311(d), which emanates from our decision in *Commonwealth v. Bosurgi*, … 190 A.2d 304 (Pa. 1963). In that case, we "found that a pretrial suppression order which terminates or handicaps the prosecution has 'such an attribute of finality as to justify the grant of the right of appeal to the Commonwealth.'" *Commonwealth v. Cosnek*, …836 A.2d 871, 874 (Pa. 2003), quoting *Bosurgi*, 190 A.2d at 308; *see* … *Dugger*, [486 A.2d at 386] (the Commonwealth may "appeal from a [non-]final order when [it] certifies in good faith that the suppression order terminates or substantially handicaps its prosecution"). In time, this "terminates or substantially handicaps" language made its way into Rule 311 via an amendment that became effective on July 6, 1992. *See Cosnek*, 836 A.2d at 874.

*Pownall*, 278 A.3d at 899.

In *Cosnek*, our Supreme Court granted allocatur to consider whether

"the Commonwealth may certify an interlocutory appeal from a pretrial ruling

- 7 -

that denied its motion *in limine* to exclude certain defense evidence."

***Cosnek***, 836 A.2d at 872. Interpreting Rule 311(d), the Supreme Court first recognized that "[t]he plain language of Rule 311(d) limits its application to 'circumstances provided by law'[.]" ***Id.*** at 873. As the ***Cosnek*** Court explained,

> the Fifth Amendment to the United States Constitution prohibition against double jeopardy places constitutional limits on government appeals in criminal cases; therefore, **the government may appeal only pursuant to express statutory authority.** The United States Supreme Court has held that it is fundamental that the [government] has no right of appeal in a criminal case absent explicit statutory authority. Appeals by the Government in criminal cases are something unusual, exceptional, not favored.

***Id.*** (citations, quotation marks, and footnote omitted; emphasis added).

The ***Cosnek*** Court explained that in the context of an order granting the defendant's motion to suppress the Commonwealth's evidence,

> only the prosecutor can judge whether that evidence substantially handicaps his ability to prove every essential element of his case. Additionally, only the prosecutor can judge whether he can meet his constitutional burden of proving his case without that evidence.
>
> ***Bosurgi*** and Rule 311(d) were read to include motions *in limine* by [the Supreme Court's decision in] ***Commonwealth v. Gordon***, … 673 A.2d 866 (Pa. 1996). In a subsequent case, [***Matis***,] 710 A.2d [at] 18 …, [the Supreme Court] held that "an order denying a motion for a continuance to secure the presence of a necessary witness has the same practical effect of an order suppressing or excluding evidence" and also allowed the Commonwealth's interlocutory appeal.

***Id.*** at 875.

However, the **Cosnek** Court ultimately concluded that "the Commonwealth's right to file an interlocutory appeal does **not** extend to appealing the admission of defense evidence." **Id.** at 876 (emphasis added).

> Were [the Supreme] Court to allow the Commonwealth to appeal rulings admitting defense evidence as of right, the accused would be forced to balance his right to a trial without delay with his fundamental right to present evidence. The chilling effect of such a choice would give the Commonwealth an unwarranted and unfettered influence over the defense case, a practice specifically disapproved in **Lewis v. Court of Common Pleas of Lebanon County**, … 260 A.2d 184, 188 (Pa. 1969) (holding that a prosecutor could not discourage a witness from talking with the defense attorney).
>
> An even more likely outcome would be a reluctance, if not a refusal, of the defense to engage in the mutual pretrial discovery[,] which is fostered by Pa.R.Crim.P. 573. … Without the ongoing and mutual discovery fostered by the Rule, the wheels of justice might well slow to a halt.
>
> Pre-trial appeal is not the Commonwealth's only recourse. Tactics and theories often change rapidly during trial; today's expert report may become tomorrow's scrap paper. A well-timed objection during trial often persuades a trial judge that foundation is lacking, testimony irrelevant or evidence is cumulative.

**Id.** at 876-77 (some citations omitted).

Subsequently, our Supreme Court issued its decision in **Commonwealth v. Shearer**, 882 A.2d 462 (Pa. 2005). In **Shearer**, the Court considered a Commonwealth appeal from a pretrial order granting the defendant's request to have the minor sexual-assault victim undergo a psychological examination for competency. **Id.** at 464. An *en banc* panel of this Court had quashed the Commonwealth's appeal as interlocutory, but included a discussion regarding

- 9 -

the importance of the Commonwealth's right to immediately appeal pretrial orders that are effectively "final" because such orders cannot be appealed later due to double jeopardy concerns. [The *En Banc* Court] further noted that [the Supreme] Court has not limited the Commonwealth's right to certify an appeal pursuant to Rule 311(d) to only those circumstances in which the order at issue suppresses Commonwealth evidence.

*Id.* at 465. Our Supreme Court agreed the pretrial quashal order was not appealable under Rule 311(d), explaining that in **Cosnek**, the Supreme Court

made clear that the application of Rule 311(d) in the suppression context is limited to circumstances in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence. As an order denying the Commonwealth's motion *in limine* to preclude defense evidence, by its very nature, affects the defendant's evidence and does not suppress, preclude or exclude the Commonwealth's evidence, this Court concluded that the order at issue in that case was not appealable pursuant to Rule 311(d).

**Shearer**, 882 A.2d at 467. The **Shearer** Court nevertheless reversed this Court's *en banc* decision, concluding the trial court's order was appealable as a collateral order, pursuant to Pa.R.A.P. 313 (Collateral Orders). *Id.* at 468, 470-71.

In **Commonwealth v. White**, 910 A.2d 648 (Pa. 2006) (plurality), our Supreme Court recognized that although the Court had

limit[ed] the application of Rule 311(d) to those circumstances provided by law in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence, [this] should not be read as undoing Rule 311(d), which simply provides the Commonwealth may appeal an order, **not just certain types of orders**, which terminates or substantially handicaps the prosecution. This is the plain language of the Rule[.] ... Accordingly, when an order terminates or has the practical effect of terminating some or all of the Commonwealth's case, or substantially handicaps the Commonwealth's case, and

- 10 -

the Commonwealth has certified the same in good faith, the Commonwealth is entitled to an interlocutory appeal as of right under Rule 311(d).

*White*, 910 A.2d at 653-54 (emphasis added). A plurality of the *White* Court would have overruled *Cosnek* to the extent it limited interlocutory appeals under Rule 311(d) to pretrial evidentiary rulings. *White*, 910 A.2d at 655. However, the plurality did not reject or disapprove of *Cosnek*'s validity as precluding Commonwealth pretrial challenges to defense evidence. Thus, *Cosnek* remained controlling in that context.

In 2022, our Supreme Court decided *Pownall*, which revisited its prior holding that,

> **as a categorical matter**[,] "**the Commonwealth's right to interlocutory appeals does not extend to appealing the admission of defense evidence**." *Cosnek*, 836 A.2d at 876 …; **see** [*Matis*, … 710 A.2d at 18-19] (allowing Commonwealth to appeal rulings admitting defense evidence would force the accused "to balance his right to a trial without delay with his fundamental right to present evidence"; "[t]he chilling effect of such a choice would give the Commonwealth an unwarranted and unfettered influence over the defense case").

> Although in *Cosnek*[, the Supreme Court] seemed to imply Rule 311(d) is "limit[ed]" to pretrial rulings resulting "in the suppression, preclusion or exclusion of Commonwealth evidence[,]" [*Cosnek*, 836 A.2d] at 877, two years later [the Supreme Court] clarified that statement in *Shearer*, *supra*. There, [the Court] explained *Cosnek* simply "made clear that the application of Rule 311(d) **in the suppression context** is limited to circumstances in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." [*Shearer*, 882 A.2d at] 467 (internal quotations and citation omitted; emphasis added). We expounded that there are "other types of orders that *Cosnek* did not address, but which may also be appealable under Rule 311(d)." *Id.* at 466 n.6 (citation omitted).

- 11 -

***Pownall***, 278 A.3d at 899-900 (emphasis added).

***Pownall*** did not involve an appeal from a ruling admitting defense evidence. ***See id.*** at 900 (concluding that an order "denying a pretrial Commonwealth motion *in limine* seeking to preclude the trial court's use of a suggested standard jury instruction" was not appealable under Rule 311(d)). However, ***Pownall*** explained that the Supreme Court has not extended Rule 311(d) to permit the Commonwealth to appeal rulings regarding "the preclusion or exclusion of defense evidence." ***See id.*** at 899-900 (clarifying ***Cosnek***'s interpretation of Rule 311(d)).

Instantly, the Commonwealth sought to preclude *defense evidence* related to the victim's arrest for identity theft, theft, and related charges, and the dismissal of those charges prior to the victim's preliminary hearing. We do not question the Commonwealth's certification that the trial court's order hinders its prosecution. However, based on the foregoing case law, we conclude that Rule 311(d) does not authorize the Commonwealth's interlocutory appeal, as it arises in the context of the suppression or preclusion of defense evidence. ***Pownall***, 278 A.3d at 899 (making clear that Rule 311(d), in the suppression context, is limited to circumstances in which a pretrial ruling results in the suppression, preclusion or exclusion of *Commonwealth* evidence); ***White***, 910 A.2d at 653 (plurality) (recognizing that Rule 311(d) provides that the Commonwealth may appeal an order, "not just certain types of orders[.]").

- 12 -

Consequently, we conclude that the trial court's order, which denied the Commonwealth's motion to preclude defense evidence regarding the victim's prior arrest, is interlocutory and not appealable pursuant to Pa.R.A.P. 311(d).[3] For this reason, we quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2026

---

[3] The Commonwealth advances no argument that the order is appealable under any other statute or rule.